### 6964

### TOWN OF CENTRAL v. MADDEN.

ORDINANCES—CONSTRUCTION—MISTAKES.—The Court for purposes of construction may correct a mere verbal mistake in a town ordinance so as to make the ordinance conform to the evident intention of its makers. Here "not less than one hundred dollars" in an ordinance construed to mean "one hundred dollars."

Before KLUGH, J., Pickens, February, 1908.   Affirmed.

Indictment by town of Central against N. C. Madden. From Circuit judgment affirming judgment below, defendant appeals.

*Messrs. Morgan & Mauldin,* for appellant, cite: *Ordinance is unconstitutional and void:* 19 Stat., 405; Con., art. V, sec. 21; Crim. Code, 12; 26 S. C., 121; 28 S. C., 50; 40 S. C., 381; 44 S. C., 362; 13 S. C., 546; 17 S. C., 80; Chev., 5; 1 Bail., 459; 2 Bail., 267.

*Attorney-General J. Fraser Lyon* and *Solicitor Julius E. Boggs,* contra.   *Mr. Lyon,* oral argument.

July 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried before the intendant of the town of Central, S. C., on the 17th of December, 1907, and convicted of selling liquor in violation of the town ordinance, which provides that the sale by any person, except as is now provided by the law regulating the sale of liquors by dispensaries, is hereby prohibited, under a penalty of not less than one hundred dollars, or not less than thirty days' imprisonment, or thirty days' labor on the chaingang, or thirty days' labor on the streets of the town of Central, S. C., at the discretion of the mayor's court.

The defendant was sentenced to pay a fine of one hundred dollars, and appealed upon three exceptions, which only present, in different form, the question raised by the following exception:

"Because, under the charter of the said town of Central, and under the Constitution of South Carolina, the said intendant has and can exercise only such jurisdiction as is given to magistrates in South Carolina, and the fine and imprisonment provided in the aforesaid ordinance and fixed thereby are in excess of those allowed by the Constitution and the town charter, and the said ordinance is, therefore, null and void, and the defendant has been convicted and sentenced without authority of law."

Section 21, art. V, of the Constitution, provides that magistrates "shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars, or imprisonment for thirty days."

Section 12 of the Criminal Code is as follows: "They shall have jurisdiction of all offenses, which may be subject to the penalties of either fine or forfeiture, not exceeding one hundred dollars, or imprisonment in the jail or work-

house not exceeding thirty days; and may impose any sentence within those limits, singly or in the alternative."

The charter of said town (vol. XIX, Statutes at Large, page 403), provides that "the intendant and wardens, duly elected and qualified, shall, during their term of service, severally and respectively be vested with all the powers of trial justices in this State, in matters criminal, within the limits of said town, so far as relates to the ordinances of said town."

It must be presumed that it was the intention of those who enacted said ordinance to conform to the laws of the State.

The ordinance shows so plainly upon its face that the words "not less than one hundred dollars," were intended for "one hundred dollars," that we have no hesitation in so declaring.

"It is now generally agreed that courts of law or of equity may correct, merely as a matter of construction, obvious mistakes of a verbal or clerical character, so as to bring all parts of the instrument into harmony with the manifest intent of the parties, as gathered from the instrument itself, since greater regard is to be paid to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. * * * On the same principle, one word will be substituted for another, which is plainly erroneous, this being in effect merely the giving to a word the meaning called for by the context." 17 Enc. of Law, 19-20.

See the case of *Gibbes Machinery Co.* v. *Johnson, infra,* 10, construing the word "and" to mean "or."

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.